UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **IAN GAVIN** | **:** | **CIVIL ACTION NO. 2:15-cv-2284** |
| **REG. #09580-003** | | **SECTION P** |
| **VERSUS** | **:** | **JUDGE TRIMBLE** |
| **BECKY CLAY** | **:** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Ian Gavin (hereinafter "Gavin").  Gavin is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution in Oakdale, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.  For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Gavin pleaded guilty to possession with intent to distribute thirty grams of cocaine base and to using/carrying a firearm in furtherance of a drug trafficking offense. Doc. 1, p. 2.  On March 8, 2007, he was sentenced to 180 months incarceration by the United States District Court for the Southern District of Alabama.  *Id.* at pp. 1-2.  Gavin did not appeal his conviction.  *Id.* at p. 2.  On November 14, 2007, Gavin filed a 28 U.S.C. § 2255, motion to vacate, set aside, or correct his sentence in the Southern District of Alabama, arguing ineffective assistance of counsel.  *See United States v. Gavin*, No.1:06-cr-222 (U.S.D.C. S.D.Ala., Nov. 14, 2007).  The motion was denied on March 13, 2009.  *Id.*

Gavin filed the instant *habeas* petition on August 24, 2015.  Doc. 1.  In his petition he claims that pursuant to *Carachuri-Rosendo v. Holder,* 560 U.S. 563 (2010), he is actually innocent of the sentence enhancement because his prior state conviction does not qualify as a felony offense/predicate for purposes of the enhancement.  Doc. 1, p. 5.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed.  *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000).  A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences.  *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).  Here, Gavin collaterally attacks the legality of his incarceration arguing sentencing errors, not the execution of his sentence.  Therefore, his claim should be advanced in a § 2255 motion to vacate.

Gavin may challenge the legality of his conviction by way of 28 U.S.C. § 2241 only to the extent that he satisfies the "savings clause" of 28 U.S.C. § 2255.  *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir.2001).  This "savings clause" provides:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  He must establish: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he was

convicted of a nonexistent offense, and (2) the claim was foreclosed by circuit law at the time when it should have been raised at trial, appeal, or first section 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Gavin has failed to show that the remedies afforded by 28 U.S.C. § 2255 are ineffective or inadequate. His reliance on *Carachuri-Rosendo* is misplaced as the Supreme Court has not made the cited case retroactively applicable on collateral review. The Supreme Court has unequivocally stated "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001)(internal quotations omitted). As the Fifth Circuit has explained, "[o]nly the Supreme Court can render a new rule retroactively applicable to cases on collateral review." *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). There is simply no indication that the Supreme Court has done so in its decision in *Carachuri-Rosendo.*

Further, the Fifth Circuit has consistently disallowed claims attacking sentence enhancements under the savings clause. *In re Bradford v. Tamez*, 660 F.3d 226, 230 (5th Cir. 2011). A claim of actual innocence of a sentencing enhancement "is not a claim of actual innocence of the crime of conviction and, thus, not the type of claim that warrants review under Section 2241." *Id.* at 230; *see also Kinder v. Purdy,* 222 F.3d 209, 213- 214 (5th Cir. 2000) (claim of actual innocence of a career-offender enhancement is not properly raised in § 2241 petition because petitioner is not claiming actual innocence of crime of conviction, only of the enhancement).

### III.
#### CONCLUSION

Since Gavin has not met the savings clause requirements, his claims are not properly brought under § 2241, and this court lacks jurisdiction to consider his claims under § 2255. In

sum, he has failed to show that his 28 U.S.C. § 2255 remedies are ineffective and inadequate under the savings clause.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or responses thereto.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 20th day of January, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE